UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

UNITED STATES OF AMERICACRIMINAL NO. 00-20044

VERSUSJUDGE ROBERT G. JAMES

MELVIN VILLATORO-CHAVEZMAGISTRATE JUDGE KATHLEEN KAY

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Melvin Villatoro-Chavez ("Villatoro-Chavez"). [Rec. Doc. 69]. For the reasons assigned herein, Petitioner's motion is hereby **DISMISSED**.

**BACKGROUND INFORMATION**

On May 9, 2000, Villatoro-Chavez, an undocumented alien, was charged by Indictment with re-entry of a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326(b)(2) (Count 1), possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 2), possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5)(A) (Count 3), and possession of a stolen firearm in violation of 18 U.S.C. § 922(j) (Count 4). [Rec. Doc. 1]. On June 19, 2000, Villatoro-Chavez entered a plea of guilty on Count 2. [Rec. Docs. 22, 25]. On April 10, 2001, Villatoro-Chavez was sentenced to 180 months imprisonment, and five years of supervised release. [Rec. Doc. 37].[1] The sentence includes an enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on

---

[1] In 2011, the United States Sentencing Commission revised section 5D1.1 to reflect that supervised release should not be imposed upon deportable aliens who will likely be deported after imprisonment, unless required by statute. *See* U.S.S.G. § 5D1.1(c). The comments note that supervised release is unnecessary after a defendant is deported, and adequate deterrence for the protection of the public is provided by a new prosecution if the defendant illegally returns to the United States. *See* U.S.S.G. § 5D1.1, application note 5.

two prior Georgia convictions for "burglary," and one prior South Carolina conviction for "second degree burglary." [Presentence Report (herein "PSR") at ¶¶ 32, 35]. Villatoro-Chavez filed a direct appeal. [Rec. Doc. 38]. On November 13, 2001, the Fifth Circuit dismissed Villatoro-Chavez's appeal after determining that it only raised frivolous issues. [Rec. Doc. 44].

On September 28, 2016, Villatoro-Chavez filed a successive pro se 28 U.S.C. § 2255 petition claiming that he is entitled to relief in light of *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551(2015), because his prior convictions in Georgia no longer qualify as ACCA predicates. [Rec. Doc. 69].[2] The Fifth Circuit granted Villatoro-Chavez limited permission to file a successive section 2255 petition regarding his claims pursuant to *Johnson*. [Rec. Doc. 67]. Therein, the Fifth Circuit instructed this Court to dismiss Villatoro-Chavez's motion without reaching the merits if he fails to demonstrate that a new constitutional law, made retroactive, applies to his case pursuant to 28 U.S.C. § 2255(h)(2). [Rec. Doc. 67]. This Court issued standard administrative orders applicable to all cases potentially impacted by *Johnson*, and the federal public defender was appointed to represent Villatoro-Chavez. [Rec. Docs. 70, 71, 74]. Consistent with the Court's standard administrative order, this matter was stayed to allow additional time to develop the record and receive additional guidance from the higher courts. *See id.*

Thereafter, on February 23, 2018, Villatoro-Chavez was released from federal custody, and transferred to Immigration and Customs Enforcement for deportation. *See* https:/bop.gov/inmateloc.[3] On June 16, 2018, the government filed a response in opposition to

---

[2] Villatoro-Chavez previously filed a section 2255 petition in 2002, raising issues regarding the voluntariness of his guilty plea. [Rec. Doc. 45]. The petition was subsequently denied. [Rec. Docs. 47, 48].

[3] The Fifth Circuit has determined that a petitioner's section 2255 motion is not necessarily moot following release from detention if he remains on supervised release. *See Johnson v. Pettiford*,

2

Villatoro-Chavez's petition and provided updated legal authority [Rec. Docs. 84, 85]. The federal public defender did not file a reply. This matter is currently ripe for a decision.

## LAW AND ANALYSIS

A successive section 2255 petition must meet certain procedural requirements before a district court may reach the merits of the application. *See* 28 U.S.C § 2244(b), 28 U.S.C. § 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 896-900 (5th Cir. 2001). A petitioner must clear two "gates" before a successive petition may properly be heard on the merits. *See Reyes-Requena*, 243 F.3d at 899. First, the petitioner must make a prima facie showing that his successive petition relies on either (1) a new constitutional law made retroactive on collateral review, or (2) clear and convincing newly discovered evidence demonstrating that no reasonable fact finder would have found him guilty but for error. *See* 28 U.S.C. § 2244(h). Second, the petitioner must actually prove that his petition relies upon the retroactive constitutional law or new evidence. *See* 28 U.S.C. § 2244(h)(2),(4). In this instance, the Fifth Circuit has determined that the first gate has been cleared. [Rec. Doc. 67]. It is this Court's task to determine if Villatoro-Chavez can clear the second gate.

Villatoro-Chavez argues that he is entitled to relief from his ACCA sentencing enhancement as a career criminal under 18 U.S.C. § 924(e) following the Supreme Court's decision in *Johnson*. [Rec. Doc. 69]. The ACCA provides that a person who possesses a gun in violation of section 922(g) and has three previous convictions for a "violent felony" or a "serious drug offense" is subject to a higher sentencing range than would originally apply. *See* 18 U.S.C.

---

442 F.3d 917, 918 (5th Cir. 2006) (citing *United States v. Johnson*, 529 U.S. 53, 58-60, 120 S.Ct. 114 (2000)). If a petitioner has served excess prison time a court may choose to reduce the period of supervised release, which prevents a finding that the petition is moot. *See id.* "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (quoting *Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 307-08, 132, S.Ct. 2277, 2287 (2012)).

§ 924(e). As defined by 18 U.S.C. § 924(e)(2)(B), "the term 'violent felony' means any crime […] that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" *See* 18 U.S.C. § 924(e)(2)(B) (emphasis added).

In *Johnson*, made retroactively applicable in *United States v. Welch*, __ U.S. __, 136 S.Ct. 1257 (2016), the Supreme Court held that the residual clause (italicized above) is unconstitutionally vague because it invites arbitrary enforcement and fails to give fair notice of the conduct it punishes. *See Johnson*, 135 S.Ct. at 2557, 2563. Thus, a conviction based on the residual clause of section 924(e)(2)(B)(ii) violates a defendant's right to due process. *See id.* at 2563. Importantly, *Johnson* did not call into question the remainder of the ACCA, including the definition of "violent felony" as set forth in the elements clause, or the enumerated offenses (i.e. burglary, arson, extortion, or use of explosives). *See id.*; *United States v. Jeffries*, 822 F.3d 192, 193 (5th Cir. 2016), cert. denied, 137 S.Ct. 1328 (2017). Thus, after *Johnson* the Court may only apply the ACCA enhancement where a "violent felony is one of a number of enumerated offenses (i.e. burglary, arson, extortion, or use of explosives) or a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Moore*, 711 F. App'x 757, 759 (5th Cir. 2017) (quoting section 924(e)(2)(B)).

To determine whether Villatoro-Chavez is entitled to relief under *Johnson*, the Court must first examine whether the sentencing court relied on the residual clause of the ACCA. *See United States v. Wiese*, 896 F.3d 720, 724 (5th Cir. 2018), *petition for cert. filed* (December 26, 2018) (No. 18-7252). If the sentencing court relied on the residual clause, then *Johnson* provides a jurisdictional predicate to consider the merits of the motion. *See id.* If the sentencing court relied on the elements clause or if the conviction was properly considered as an enumerated

4

offense (i.e. burglary, arson, extortion, or use of explosives), then *Johnson* would not offer relief. *See id.* In making this determination the Court "must look to the law in place at the time of sentencing to determine whether a sentence was imposed under the enumerated offenses clause or the residual clause." *Id.* (citations omitted). To examine whether there was potential reliance on the residual clause, the Court may examine (1) the sentencing record for direct evidence of a sentence, (2) the relevant legal environment existing at the time, (3) the presentence report, and (4) other materials available to the sentencing court. *See id.* at 725 (citations omitted). While the Fifth Circuit has not decided the precise burden a defendant must meet, it has required defendants to demonstrate that the sentencing court "may have" relied on the residual clause. *See United States v. Castro*, No. 17-40312, 2018 WL 6070373, at *2 (5th Cir. Nov. 20, 2018).

Villatoro-Chavez was sentenced on April 10, 2001. [Rec. Doc. 37]. The Court has reviewed the transcripts of the two sentencing hearings held in this matter, and notes that the sentencing court did not specify whether the imposition of the ACCA enhancement was based on the enumerated offense clause or the residual clause. [Rec. Docs. 40, 41]. The sentencing court merely received documentary and testimonial evidence to support a finding that Villatoro-Chavez had three prior convictions for burglary before it adopted the findings of the presentence report. [Rec. Docs. 40, 41].[4]

The presentence report states that Villatoro-Chavez had three previous convictions for violent felonies, which subjected him to the ACCA enhancement pursuant to United States Sentencing Guidelines Manuel § 4B1.4. [PSR at ¶ 22]. First, the presentence report states that Villatoro-Chavez was previously convicted of two counts of burglary in Georgia. [PSR at ¶ 32].

---

[4] Villatoro-Chavez took the stand during his sentencing hearing and admitted that he had three prior burglary convictions. However, he testified that he did not really commit the burglaries, but pleaded guilty to the offenses so that he could be released from jail and deported back to Honduras. [Rec. Doc. 40 at 36-37].

5

The convictions were based on two separate incidents occurring in the same general time frame. *See id.* The description of the first incident states that between September 6 and September 10, 1997, Villatoro-Chavez entered a building in Jasper, Georgia, without permission of the owners, and took a mountain bike valued at $600.00. *See id.* The description of the second incident states that on September 8, 1997, Villatoro-Chavez entered a residence in Jasper, Georgia, without permission of the owner, and took a video camera valued at $700.00. *See id.* Villatoro-Chavez received a sentence of 9 years for each count, running concurrently, which were suspended upon his deportation. *See id.* Next, the presentence report notes that Villatoro-Chavez was previously convicted of second-degree burglary in South Carolina. [PSR at ¶ 35]. The description of this offense indicates that on May 14, 1999, Villatoro-Chavez "entered a residence and took several items away from the residence." *See id.* Villatoro-Chavez was sentenced to 15 years incarceration, but was deported a few months later. *See id.*

The Court now turns to the legal landscape existing in 2001 when Villatoro-Chavez was sentenced. In 1990, the Supreme Court determined that a state conviction constitutes "burglary" for purposes of the 924(e) enhancement if the state statute corresponds to a "generic" burglary, or if the indictment or jury instructions require the finding of the generic elements of burglary for conviction. *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 2160 (1990). A "generic" burglary "contains at least the following elements: unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* at 495 (citation omitted).

The presentence report does not indicate the precise statute controlling Villatoro-Chavez's Georgia burglary convictions. However, in 1997, the year of his convictions, Georgia only had one relevant statute, which defined burglary as follows:

6

> (a) A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof. A person convicted of the offense of burglary, for the first such offense, shall be punished by imprisonment for not less than one nor more than 20 years. For the purposes of this Code section, the term "railroad car" shall also include trailers on flatcars, containers on flatcars, trailers on railroad property, or containers on railroad property.

See O.C.G.A § 16-7-1 (Lexis 1997). In 2001, when the sentencing court applied the ACCA enhancement, Georgia's burglary statute was recognized as "non-generic" because of the inclusion of railroad cars and aircraft. *See United States v. Adams*, 91 F.3d 114, 116 (11th Cir. 1996). However, convictions under the statute were counted for purposes of section 924(e) if sufficient information existed in the charging document or presentence report to establish that the defendant indeed committed the elements of a generic burglary. *See id.* In this instance, Villatoro-Chavez's presentence report indicates that both of his Georgia burglary convictions involve the unlawful entry into a residence or building and the theft of property therein. Given the decision in *Adams* allowing the consideration of the presentence report, the Court must conclude that the sentencing court considered the Georgia burglary convictions under the enumerated clause. *See id.* [5]

Next, the Court will turn to Villatoro-Chavez's 1999 conviction for second-degree burglary in South Carolina. In 1999, South Carolina defined the crime of burglary in relevant part as follows:

> (A) A person is guilty of burglary in the second degree if the person enters a dwelling without consent and with intent to commit a crime therein.

---

[5] The Court notes that the Eleventh Circuit recently found a similar version of O.C.G.A. § 16-7-1 to be divisible, which allows the sentencing court to use the "modified-categorical approach" to consider burglary convictions under the statute as enumerated offenses. *See United States v. Gundy*, 842 F.3d 1156, 1168 (11th Cir. 2016) (citing *Mathis v. United States*, __ U.S. __, 136 S.Ct. 2243 (2016)). Thus, convictions under O.C.G.A. § 16-7-1 remain ACCA predicates.

7

(B) A person is guilty of burglary in the second degree if the person enters a building without consent and with intent to commit a crime therein, and either:

>  (1) When, in effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime:
>
>> (a) is armed with a deadly weapon or explosive; or
>>
>> (b) causes physical injury to any person who is not a participant in the crime; or
>>
>> (c) uses or threatens the use of a dangerous instrument; or
>>
>> (d) displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or
>
> (2) The burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or
>
> (3) the entering or remaining occurs at night.

. . . .

See S.C. Code Ann. § 16-11-312 (Lexis 1999). In addition, the South Carolina code provided definitions for relevant terms as follows:

> For purposes of §§ 16-11-311 through 16-11-313:
>
> (1) "Building" means any structure, vehicle, watercraft, or aircraft:
>
>> (a) where any person lodges or lives; or
>>
>> (b) where people assemble for purposes of business, government, education, religion, entertainment, public transportation, or public use or where goods are stored. Where a building consists of two or more units separately occupied or secured, each unit is deemed both a separate building in itself and a part of the main building.

8

(2) "Dwelling" means its definition found in § 16-11-10 and also means the living quarters of a building which is used or normally used for sleeping, living, or lodging by a person.[6]

(3) "Enters a building without consent" means:

(a) to enter a building without the consent of the person in lawful possession; or

(b) to enter a building by using deception, artifice, trick, or misrepresentation to gain consent to enter from the person in lawful possession.

*See* S.C. Code Ann. § 16-11-310 (Lexis 1999).

The Court has been unable to locate a case directly prior to Villatoro-Chavez's sentencing date. However, there are a number of later cases that indicate the Fourth Circuit routinely considered convictions under South Carolina's second-degree burglary statute as sufficient to support the ACCA enhancement. *See United States v. Parker*, 195 F. App'x 118 (4th Cir. 2006); *United States v. Rivers*, 310 F. App'x 618 (4th Cir. 2009); *United States v. Jones*, 312 F. App'x. 559, 560 (4th Cir. 2009); *United States v. Wright*, 594 F.3d 259, 266 (4th Cir. 2010) (language tracks generic definition of burglary set forth in *Taylor*); *United States v. Dingle*, 489 F. App'x 722 (4th Cir. 2012).

In recent years the courts have determined that convictions under the South Carolina burglary statute no longer qualify as a crime of violence under the ACCA. *See United States v. McLeod*, 808 F.3d 972, 976 (4th Cir. 2015) (concluding South Carolina's second degree burglary offense is broader than the generic burglary offense described in *Taylor*); *United States v.*

---

[6] The definition of "dwelling house" found in section 16-11-10 provides: "[]any house, outhouse, apartment, building, erection, shed or box in which there sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges there with a view to the protection of property shall be deemed a dwelling house, and of such a dwelling house or of any other dwelling house all houses, outhouses, buildings, sheds and erections which are within two hundred yards of it and are appurtenant to it or to the same establishment of which it is an appurtenance shall be deemed parcels." *See* S.C. Code Ann. § 16-11-310 (Lexis 1999).

*Lockett*, 810 F.3d 1262, 1270 (11th Cir. 2016) (South Carolina second degree burglary statute not divisible); *United States v. Lloyd*, 733 F. App'x 132, 133 (4th Cir. 2018). However, these decisions are based on the Supreme Court's more recent rulings in *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276 (2013) and *Mathis v. United States*, __ U.S.__, 136 S.Ct. 2243 (2016). Neither *Descamps* nor *Mathis* have been made retroactive for purposes of collateral review. *See Wiese*, 896 F.3d at 725.

Because it is the Defendant's burden to demonstrate that the sentencing court "may have" relied on the residual clause, the Court must find that the burden has not been met. Villatoro-Chavez has offered no evidence to suggest that the sentencing court relied or even considered the residual clause. Moreover, the law at the time of sentencing supports a finding that Villatoro-Chavez's Georgia and South Carolina burglary convictions would have been considered enumerated offenses. While South Carolina's second-degree burglary statue would not qualify as an ACCA predicate today, that is not relevant because the Court must consider the legal environment at the time of sentencing. *See id*. The legal environment at that time suggests that the enhancement was more likely than not based on the enumerated offense clause.

Villatoro-Chavez has failed to demonstrate that the residual clause may have been utilized at his sentencing. Therefore, the Court must find that *Johnson* does not apply. Because *Johnson* does not offer an avenue for relief, Villatoro-Chavez has failed to demonstrate that his petition relies upon a previously unavailable rule of constitutional law. *See* 28 U.S.C. § 2255(h)(2). *Johnson* cannot serve as a jurisdictional predicate to allow this Court to consider the merits of Villatoro-Chavez's petition. *See Wiese*, 896 F.3d at 726. Accordingly, Villatoro-Chavez's petition must be dismissed.

**CONCLUSION**

For the reasons assigned herein, Villatoro-Chavez's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Rec. Doc. 69] is hereby **DISMISSED**.

**THUS DONE AND SIGNED**, in Monroe, Louisiana, this 29th day of January, 2019.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE